UNITED STATES of America, Appellee,

v.

Amaury ROSARIO, Defendant–Appellant.

**Docket No. 01–1365.**

United States Court of Appeals, Second Circuit.

Oct. 9, 2002.

Malvina Nathanson, New York, NY, for Appellant.

Kelly T. Currie, Assistant, United States Attorney, Brooklyn, NY; Alan Vinegrad, United States Attorney, and Emily Berger, Assistant United States Attorney, on the brief, for Appellee.

Present ELLSWORTH VAN GRAAFEILAND, DENNIS JACOBS, ROSEMARY S. POOLER, Circuit Judges.

Defendant-appellant Amaury Rosario appeals from a judgment, entered in the United States District Court for the Eastern District of New York (Ross, *J.*) on June 29, 2001, convicting him, after a jury trial, of conspiracy to commit robbery and attempted robbery in violation of 18 U.S.C. § 1951 (the "Hobbs Act"), use of a firearm in relation to crimes of violence in violation of 18 U.S.C. § 924(c)(1), and four counts of murder through use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(j)(1). On appeal, Rosario argues that the trial evidence was insufficient to establish the jurisdictional element of the Hobbs Act conviction because the government failed to prove the requisite effect on interstate commerce, and that the jury charge invited speculation as to the effect on interstate commerce.

"[I]t is well established that the burden of proving a nexus to interstate commerce is minimal." *United States v. Elias*, 285 F.3d 183, 188 (2d Cir.2002). This Court, like others, has held that *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), did not alter the *de minimis* nature of the required nexus. *See Elias*, 285 F.3d at 188. In reviewing a defendant's challenge to the sufficiency of evidence to establish this nexus, we "view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United States v. Arena*, 180 F.3d 380, 390–91 (2d Cir.1999) (internal quotation marks omitted), *cert. denied*, 531 U.S. 811, 121 S.Ct. 33, 148 L.Ed.2d 13 (2000).

The evidence presented in Rosario's trial concerning the alleged effect on interstate commerce approaches the line of insufficiency. Rosario was convicted of conspiring and attempting to rob a neighborhood grocery store. The government relies on the store manager's testimony that the store sold orange juice, imported beer, and cigarettes. In *Elias*, which also involved the robbery of a neighborhood grocery store, we held that there was sufficient evidence of an interstate commerce nexus where "[t]he sole evidence offered to show an effect on interstate commerce was that the [store] sold beer produced outside the United States and fruit grown outside New York." 285 F.3d at 188.

The prosecution in this case presented very minimal evidence of such a basis. On direct examination the prosecutor asked the store manager, "Did the store sell orange juice?" The witness replied, "Yes, milk." This non sequitur supports no conclusion about a possible effect on interstate commerce.

The prosecutor also asked the witness, "Did you sell imported beer?" The witness answered, "Yes." Under *Elias*, evidence that a store sells imported beer is

sufficient to show an effect on interstate commerce. 285 F.3d at 188. While the "imported" concept was built into the prosecutor's question, and while there was reason to believe the witness had some difficulty with the English language,[1] the jury could have concluded that the witness understood the question to mean "imported" from another country. If the defense doubted this, counsel could have explored the issue on cross-examination.

Finally, the prosecutor asked the witness if the store sold cigarettes; the witness replied, "Yes." With a rudimentary knowledge of agriculture, the jury could conclude that the tobacco in cigarettes is grown outside New York.

Thus, the evidence concerning beer and cigarettes is (barely) sufficient to support a finding beyond a reasonable doubt that the crime had the requisite *de minimis* effect on interstate commerce.

The government also emphasizes evidence in the record that the grocery store Rosario attempted to rob engaged in illegal gambling operations, including unlicensed video poker machines and a numbers game. *Cf. United States v. Turner,* 272 F.3d 380, 388 (6th Cir.2001), *amended by United States v. James,* 280 F.3d 1078 (6th Cir.2002). Because the evidence of the store's grocery operation satisfies the interstate commerce requirement, we need not consider how or when a gambling enterprise impacts interstate commerce.[2]

Rosario further argues that the jury charge allowed the jury to speculate as to how the charged conduct affected interstate commerce. Rosario failed to preserve this issue for appellate review because he did not state this ground for his objection in the district court. His counsel's pre-charge letter to the court recited his "objection to the court's charge to preserve issues raised in the defendant's pre-trial motion for dismissal of Counts 1 and 2 of the indictment on the grounds that the Hobbs Act statute is unconstitutional as applied since, in this case, it seeks to regulate activity which exceeds congressional commerce authority." But Rosario made no subsequent objection to the charge as given.

We therefore review for plain error. *See United States v. Vasquez,* 267 F.3d 79, 87 (2d Cir.2001), *cert. denied,* 534 U.S. 1148, 122 S.Ct. 1111, 151 L.Ed.2d 1005 (2002). The instruction given comports substantially with other instructions that have been upheld by this Court. *See, e.g., United States v. Jamison,* 299 F.3d 114, 117, 120–21 (2d Cir.2002)(upholding jury instruction which included statement that "[t]his nexus with interstate commerce may be satisfied under the so-called depletion of assets theory, where the defendant's illegal acts deplete the victim's assets, therefore affecting the victim's ability to purchase commodities that travel in interstate commerce"). We see no plain error.

---

1. The transcript indicates that there was an interpreter standing by "in the event there's something that [the witness] doesn't understand or he has some difficulty expressing himself."

2. As Rosario observes, the prosecution did not mention the jurisdictional element in its summation. However, summations do not constitute evidence. *See, e.g., United States v. Rus-* so, 74 F.3d 1383, 1397 (2d Cir.1996). By the same token, the omission of any reference to particular evidence on summation does not betoken its absence. Moreover, the district court instructed the jury that it had to find beyond a reasonable doubt that there was an effect on interstate commerce, so the jury was aware of this element notwithstanding the prosecutor's silence in summation.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**